# United States District Court

## Western District of Kentucky

**BOWLING GREEN DIVISION**

**UNITED STATES OF AMERICA**
**V.**
**TYRONE N. TACKETT**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**Case Number: 1:06-CR-48-06-R**

Counsel For Defendant: **Mr. Samuel Manly, Retained Counsel**
Counsel For The United States: **David Weiser, Asst. U.S. Atty.**
Court Reporter: **Ruthe Potami**

**THE DEFENDANT:**

[X] **pursuant to a Rule 11(c)(1)(B) plea agreement**

[X] **pleaded guilty to Counts 1 and 3 of the Superceding Indictment on April 2, 2007, knowingly, willingly and voluntarily.**

[ ] Pleaded nolo contendere to count(s)
which was accepted by the court.

[ ] Was found guilty on count(s)
after a plea of not guilty

**ACCORDINGLY,** the Court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|

**FOR CONVICTION OFFENSE(S) DETAIL - SEE COUNTS OF CONVICTION ON PAGE 2**

The defendant is sentenced as provided in pages 2 through 7 Of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)

[ ] Count(s) (Is) (are) dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the Court and the United States Attorney of any material change in the defendant’s economic circumstances.

**IT IS FURTHER ORDERED** that the presentence report be returned to the United States Probation Office, and shall be available to counsel on appeal. **IT IS FURTHER ORDERED** that the sentencing recommendation be returned to the United States Probation Office, and shall not be available to counsel on appeal.

December 4, 2007
Date of Imposition of Judgment

December 11, 2007

Thomas B. Russell

**Thomas B. Russell, Judge**
**United States District Court**

DEFENDANT: **TACKETT, TYRONE N.**
CASE NUMBER: **1:06-CR-48-06-R**

# COUNTS OF CONVICTION

| | Title & Section Number(s) | Nature of Offense | Date Offense Concluded | Count |
|---|---|---|---|---|
| 18 | U.S.C. 371 | Conspiracy to Commit Mail Fraud | 09/30/2003 | 1S |
| 18 | U.S.C. 1956(a)(1)(B)(i) and 18 U.S.C. 2 | Money Laundering and Aiding and Abetting | 09/25/2001 | 3S |

DEFENDANT: **TACKETT, TYRONE N.**
CASE NUMBER: **1:06-CR-48-06-R**

# IMPRISONMENT

**The defendant is hereby sentenced to time already served as to each of Counts 1 and 3 in the Superseding Indictment, which shall be served concurrently, for a total term of time served imprisonment.**

☐ The Court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

- ☐ at A.m. / p.m. on
- ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:.

- ☐ Before 2:00 p.m. on
- ☐ as notified by the United States Marshal.
- ☐ As notified by the Probation or Pretrial Services Office.
- ☐ The defendant shall continue under the terms and conditions of his/her present bond pending surrender to the institution.

# RETURN

I have executed this judgment as follows:

________________________________________________

________________________________________________

________________________________________________

Defendant delivered on ________________ To ____________________________

at ____________________ , with a certified copy of this judgment.

______________________________
UNITED STATES MARSHAL

By____________________________
Deputy U.S. Marshal

DEFENDANT: **TACKETT, TYRONE N.**
CASE NUMBER: **1:06-CR-48-06-R**

# SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to each of Counts 1 and 3, which shall run concurrently, for a total term of 3 years.**

The defendant shall report to the probation office in the district in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☒ **The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.**

☒ **The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

☒ **The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of Each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other Acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a Felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at anytime at home or elsewhere and shall permit confiscation of any Contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the Permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal Record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the Defendant's compliance with such notification requirement.

DEFENDANT: **TACKETT, TYRONE N.**
CASE NUMBER: **1:06-CR-48-06-R**

# ADDITIONAL SUPERVISED RELEASE TERMS

14) The Defendant shall provide the U.S. Probation Office with access to any requested financial information.

15) The defendant shall be prohibited from incurring any new credit charges or opening additional lines of credit without approval of the U.S. Probation Office, unless he is in compliance with the payment schedule.

DEFENDANT: **TACKETT, TYRONE N.**
CASE NUMBER: **1:06-CR-48-06-R**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals:** | **$ 200** | **$ 0** | **$ 249,083** |

☒ **The fine and the costs of incarceration and supervision are waived due to the defendant's inability to pay.**

☐ The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ Restitution is not an issue in this case.

☒ **The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | ** Total Amount of Loss | Amount of Restitution Ordered | Priority Order Or Percentage Of Payment |
|---|---|---|---|
| **Union Underwear Company, Inc.<br>Attn: Mr. David Whitaker<br>One Fruit of the Loom Drive, Bowling Green, KY 42103** | **$249,083** | **$249,083** | |
| **TOTALS:** | **$249,083** | **$249,083** | |

☐ If applicable, restitution amount ordered pursuant to plea agreement. . . . . $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 5, Part B may be subject to Penalties for default and delinquency pursuant to 18 U.S.C. 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ **The interest requirement is waived for the** ☒ **Fine and/or** ☒ **Restitution**

☐ The interest requirement for the ☐ Fine and/or ☐ Restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: **TACKETT, TYRONE N.**
CASE NUMBER: **1:06-CR-48-06-R**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐ Lump sum payment of $ Due immediately, balance due

☐ not later than , or
☐ in accordance with C, D, or E below); or

B ☐ Payment to begin immediately (may be combined with C, D, or E below); or

C ☐ Payment in *(E.g. equal, weekly, monthly, quarterly)* installments of $
Over a period of *(E.g. months or years)* year(s) to commence *(E.g., 30 or 60 days)* after the date of
This judgment, or

D ☐ Payment in *(E.g. equal, weekly, monthly, quarterly)* installments of $
Over a period of *(E.g. months or years)* year(s) to commence *(E.g., 30 or 60 days)* after
Release from imprisonment to a term of supervision; or

E [X] **Special instructions regarding the payment of criminal monetary penalties:**

Any balance of criminal monetary penalties owed upon incarceration shall be paid in quarterly installments of at least $25 based on earnings from an institution job and/or community resources (other than Federal Prison Industries), or quarterly installments of at least $60 based on earnings from a job in Federal Prison Industries and/or community resources, during the period of incarceration to commence upon arrival at the designated facility.

Upon commencement of the term of supervised release, the probation officer shall review your financial circumstances and recommend a payment a payment schedule on any outstanding balance for approval by the court. Within the first 60 days of release, the probation officer shall submit a recommendation to the court for a payment schedule, for which the court shall retain final approval.

**Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons Inmate Financial Responsibility Program, are to be made to the United States District Court, Gene Snyder Courthouse, 601 West Broadway, Suite 106, Louisville, KY 40202, unless otherwise directed by the Court, the Probation Officer, or the United States Attorney.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X] **Joint and Several**

Defendant Name, Case Number, and Joint and Several Amount:

**Kalen W. Watkins, Second Superseding Indictment, 1:06CR-48-01-R - $1,023,964.60**
**Laura Leigh Wells, Superseding Indictment, 1:06CR-48-02-R - $462,223.60**
**Kenneth Scott Harris, Second Superseding Indictment, 1:06CR-48-03-R - To be determined**
**Curtis L. Hopkins, Second Superseding Indictment, 1:06CR-48-04-R - To be determined**
**Ronald R. Pollock, Superseding Indictment, 1:06CR-48-05-R - To be determined**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.